UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK ABNEY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. CV 10-418 JC<br><br>MEMORANDUM OPINION AND ORDER OF REMAND |

**I.　SUMMARY**

On February 4, 2010, plaintiff Frank Abney ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; February 9, 2010 Case Management Order ¶ 5.

///

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum and Opinion and Order of Remand because the Administrative Law Judge ("ALJ") erred in finding that plaintiff does not have any severe impairment at step two.

## II.   BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On July 25, 2008, plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income benefits. (Administrative Record ("AR") 95-98, 102-04). Plaintiff asserted that he became disabled on June 1, 2001, due to heart and back problems. (AR 135). The ALJ examined the medical record and heard testimony from plaintiff, who was represented by counsel, on July 13, 2009. (AR 36-54).

On September 23, 2009, the ALJ determined that plaintiff was not disabled from his alleged onset date of June 1, 2001, through September 30, 2006, plaintiff's last date insured.[1] (AR 21-35). Specifically, the ALJ found that plaintiff does not have a severe impairment or a severe combination of impairments. (AR 32-34).

The Appeals Council denied plaintiff's application for review. (AR 1-3).

## III.   APPLICABLE LEGAL STANDARDS

### A.   Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that he is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve

---

[1] Plaintiff's pension from the Department of Veterans' Affairs presumably disqualifies him for Supplemental Security Income benefits. See AR 39, 103; 20 C.F.R. § 416.1100 et seq.

months. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work he previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit his ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

(4) Does the claimant possess the residual functional capacity to perform his past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

(5) Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow him to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920). The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001)

(citing Tackett); see also Burch, 400 F.3d at 679 (claimant carries initial burden of proving disability).

### B. Standard of Review

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted). It is more than a mere scintilla but less than a preponderance. Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ. Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

## IV. DISCUSSION

### A. Step Two Determination

Plaintiff argues that the ALJ committed reversible error at step two by determining that plaintiff does not suffer from a severe impairment. (Plaintiff's Motion at 4-6). The Court agrees.

#### 1. Pertinent Law

At step two of the sequential evaluation process, plaintiff has the burden to present evidence of medical signs, symptoms and laboratory findings that establish a medically determinable physical or mental impairment that is severe, and that

can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months. Ukolov v. Barnhart, 420 F.3d 1002, 1004-1005 (9th Cir. 2005) (citing 42 U .S.C. §§ 423(d)(3), 1382c(a)(3)(D)); see 20 C.F.R. § 404.1520. Substantial evidence supports an ALJ's determination that a claimant is not disabled at step two where "there are no medical signs or laboratory findings to substantiate the existence of a medically determinable physical or mental impairment." Id. (quoting Social Security Ruling ("SSR") 96-4p[2]). "If an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on [an] individual's ability to do basic work activities, the sequential evaluation should not end" at step two. SSR 85-28.

"Step two, then, is 'a de minimis screening device [used] to dispose of groundless claims.'" Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005) (quoting Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996)). Applying the normal standard of review to the requirements of step two, a court must determine whether an ALJ had substantial evidence to find that the medical evidence clearly established that the claimant did not have a medically severe impairment or combination of impairments. Id.; see also Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir. 1988) ("Despite the deference usually accorded to the Secretary's application of regulations, numerous appellate courts have imposed a narrow construction upon the severity regulation applied here."). An impairment or combination of impairments can be found "not severe" only if the evidence establishes a slight abnormality that has "no more than a minimal effect on an individual's ability to work." Webb, 433 F.3d at 686 (citation omitted).

---

[2]Social Security rulings are binding on the Administration. See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990). Such rulings reflect the official interpretation of the Social Security Administration and are entitled to some deference as long as they are consistent with the Social Security Act and regulations. Massachi v. Astrue, 486 F.3d 1149, 1152 n.6 (9th Cir. 2007) (citing SSR 00-4p).

## 2. Analysis

Under this narrow standard for step two evaluations, the finding that plaintiff does not have a severe impairment is not clearly established by the medical evidence. Plaintiff alleges that he has experienced back pain since he was injured in a 1970 military incident involving two forklifts. (AR 40, 135). During the period for which he was eligible for Disability Insurance Benefits, plaintiff was diagnosed with intervertebral disk disease, cervical and lumbar radiculopathy, lumbago, degenerative joint disease, chronic back pain, osteoarthritis, and chronic rhabdomyolysis.[3] (AR 170, 184, 186, 189-90). These diagnoses were based on objective medical evidence such as physical examinations and radiological studies. (E.g., AR 170, 189-90). In March 2006 plaintiff underwent surgery to treat "chronic neck pain with mainly [right upper extremity] radiculopathy secondary to C3456 degenerative cervical spine canal stenosis with neuroforaminal stenosis." (AR 185). Moreover, plaintiff continued to receive treatment for his back pain after his period of eligibility (e.g., AR 173-74, 349, 377-78, 491-95), further suggesting that his impairments meet the durational requirement of step two. The Court appreciates that the medical record may not paint a complete picture of plaintiff's overall health during the relevant period, but "it includes evidence of problems sufficient to pass the de minimis threshold of step two." Webb, 433 F.3d at 687. Although the Court "do[es] not intimate that [plaintiff] will succeed in proving that he is disabled," the ALJ must continue the sequential evaluation beyond step two "because there was not substantial evidence to show that [plaintiff's] claim was groundless." Id. at 688.[4]

---

[3] He also received diagnoses of chest pain, hypertension, dyslipidemia, colonic polyps, foramen ovale, diverticulosis, and glaucoma during his period of eligibility. (AR 170, 186, 187, 189-90).

[4] The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's decision except insofar as to determine that a reversal and remand for immediate payment of

(continued...)

## V.  CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Opinion.[5]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: October 21, 2010

                                              /s/
                                   Honorable Jacqueline Chooljian
                                   UNITED STATES MAGISTRATE JUDGE

---

[4](...continued) benefits would not be appropriate.  On remand, the ALJ must determine in the first instance whether plaintiff suffers from an impairment that meets of medically equals one of the listed impairments, and the ALJ is free to reassess the medical evidence in making a determination of plaintiff's residual functional capacity, if necessary.  (See Plaintiff's Motion at 2-4, 6-9).

[5] When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision.  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).